IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROALSTON STEVENSON KINGSTON,** | : CIVIL ACTION NO. 1:19-CV-1099 |
| | : |
| | : **(Chief Judge Conner)** |
| **Petitioner** | : |
| | : |
| v. | : |
| | : |
| **ROALSTON STEVENSON KINGSTON, HIS DC-14, DC-15, DC-16 FILES AND MEDICAL RECORDS, KEVIN KAUFFMAN,** | : |
| | : |
| **Respondents** | : |

# **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 filed by petitioner Roalston Stevenson Kingston ("Kingston"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania. Named as respondents are Roalston Stevenson Kingston, his DC-14, DC-15, and DC-16 files and medical records, and Kevin Kauffman. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4.

I.  **Background**

Kingston asserts that he filed this action under the admiralty jurisdiction of Rule 2, 9(h), 14(c), 17(a) 82, and 28 U.S.C. §§ 1333, 1343(1)(4), and 1390.  (Doc. 1, at 2). Kingston argues that "[t]he attorneys for the plaintiff are prosecuting the suit in maritime jurisdiction without evidence entered into the record of the contract binding the Petitioner to maritime law."  (Id. at 4).  He requests, *inter alia*, that the court order respondent to "come forth with an [sic] superior lien more paramount than Petitioner and/or Secured Party Creditor UCC-1 Financing Statement."  (Id. at 6).

II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).  However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  See Leamer, 288 F.3d at 540.  "Habeas

corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

In the habeas petition, Kingston argues that a maritime contract does not exist between the Commonwealth of Pennsylvania and himself, a/k/a Fidel Clark. (Doc. 1, at 3-4).[2] He requests that the court order respondents to produce a binding contract signed by Kingston. (Id. at 4). He further requests that the court "issue an [sic] possessory warrant for arrest upon the vessel, Roalston Stevenson Kingston(c), a/k/a Fidel Clark(c), immediately, for Petitioner does not have a signed contract with defendant Kauffman." (Id. at 6). Kingston appears to claim that he is not subject to the law of the Commonwealth of Pennsylvania. Such a claim is meritless. Similarly, his allegations that the state trial court never had subject matter jurisdiction because a maritime contract does not exist between the Commonwealth of Pennsylvania and Kingston, a/k/a Fidel Clark, is patently frivolous. See United States v. Ramos, 2004 WL 356412, *1 (E.D. Pa. 2004) (rejecting the defendant's "claims that the Court lacks personal jurisdiction over him because he is not a citizen of the United States but rather 'lives within his own skin'").

Kingston's reliance on the UCC and other commercial documents is also insufficient to entitle him to habeas relief. The Ramos decision is informative. It concluded that Ramos's remaining "claims, purportedly under the Uniform Commercial Code and other commercial statutes" were equally meritless because

---

[2] Kingston's claims are difficult to decipher and are essentially unintelligible. The court has made every effort to view them broadly in light of Kingston's *pro se* status.

3

"surety is not required in a federal criminal case." Ramos, 2004 WL 356412, at *2. The court determined that "nothing in this case involves or is governed by the provisions of the Uniform Commercial Code or any other commercial statute or agreement." Id.; see also United States v. Hamill, 252 F. App'x 260 (10th Cir. 2007) (concluding that the habeas claim that trial counsel was ineffective for refusing to raise the UCC as a defense was frivolous because the UCC is a civil code that governs only commercial transactions); Montalvo v. Montalvo, 2008 WL 4533935, *3 (W.D. Va. 2008) ("The court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement."). Kingston's claims are equally misplaced. He has provided no basis in law or in fact for relief under the UCC.

Summary dismissal is appropriate because Kingston's habeas petition is frivolous and obviously lacking in merit, and "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court." See R. GOVERNING § 2254 CASES R. 4.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: July 15, 2019